Argued March 21, affirmed March 27, 1928.

# STATE EX REL. KRUCKMAN *v.* F. R. ROGERS
## ET AL.

### (265 Pac. 784.)

**Injunction—Affidavit Charging That One Defendant was Present Engaging in Fishing Operations in Violation of Court's Decree, for Joint Benefit of Himself and Other Defendant, Held Sufficient to Sustain Conviction of Both for Contempt.**

1. Affidavit charging that defendants were partners and jointly engaged in fishing operations in violation of decree restraining trespass on certain lands and fishing thereon, and that, though one of defendants was not present, other was actually occupying the premises for fishing purposes for their joint benefit, *held* sufficient to sustain conviction of both defendants for contempt, since it could be inferred that the defendant who was actually engaged in fishing operations was acting with the other's authority.

**Criminal Law—Principal is Criminally Answerable for Criminal Acts of Agent Done by Principal's Authority.**

2. Principal may be *held* criminally liable for criminal acts of his agent, provided acts are done by agent with principal's authority.

**Injunction—Principal, Authorizing Agent to Act in Violation of Court Decree, is Himself Guilty of Contempt.**

3. One may not lawfully authorize another to do for him what he could not do himself without being guilty of contempt, and, where business involves violation of decree, authorization of agent to conduct the business will make the principal guilty of contempt.

**Injunction—Evidence Held to Sustain Conviction for Contempt of Principal Enjoined by Court Decree and of Agent Whom Principal Authorized to Violate Decree for Their Joint Benefit.**

4. In prosecution for contempt by violation of court decree restraining the operation of seines on certain land for fishing purposes, evidence *held* sufficient to sustain conviction of person enjoined by decree and another conducting fishing operations under former's authority for joint benefit of both.

**Contempt—Court Acquires Jurisdiction to Punish for Contempt not Committed in Its Immediate Presence Only Under Affidavit (Or. L., §§ 670–673).**

5. Where acts constituting contempt were not committed in immediate view and presence of the court, court acquires jurisdic-

---

2. Criminal liability for acts of agent, see note in 88 Am. St. Rep. 797. Criminal liability for acts of copartner, servant or agent, see notes in 41 L. R. A. 650; 43 L. R. A. (N. S.) 2. See, also, 8 R. C. L. 66; 21 R. C. L. 934–936.

tion to punish persons for contempt only under affidavit presenting facts as provided by Sections 670–673, Or. L.

Injunction—Imposition of Jail Sentence for Contempt for Violating Decree Restraining Fishing Operations on Relator's Premises Held Authorized Under Affidavit Charging Defendants With Occupancy Thereof for Fishing (Or. L., §§ 670–673, and § 671, as Amended by Laws 1923, p. 237, § 2).

6. In contempt proceedings, under Sections 670–673, Or. L., for violation of decree which forbade trespassing and operating seines for fishing purposes on certain lands, court had authority to impose jail sentence in addition to fine, under section 671, as amended by Laws of 1923, page 237, Section 2, on ground that defendant's conduct defeated or prejudiced the right or remedy of a party to the action, where affidavit stated that defendants were using and occupying premises of relator for purpose of carrying on fishing operations.

---

Criminal Law, 16 C. J., p. 124, n. 31.
Injunctions, 32 C. J., p. 488, n. 80, p. 504, n. 8, p. 505, n. 18.
*Qui facit per alium facit per se*, 32 Cyc., p. 1391, n. 8.

From Multnomah: ASHBY C. DICKSON, Judge.

Department 2.

AFFIRMED.

For appellants there was a brief and oral argument by *Mr. John K. Kollock.*

For respondent there was a brief over the name of *Mr. Johnston Wilson,* with an oral argument by *Mr. Elton Watkins.*

RAND, C. J.—An affidavit was filed in the Circuit Court for Multnomah County, charging the defendants with contempt of court in failing to obey a decree of that court which enjoined and restrained the defendant Rogers from trespassing on certain lands and from operating seines thereon for fishing purposes. Upon trial thereof, the defendants were convicted and Rogers was sentenced to pay a fine of $1 only and

---

6. Necessity of affidavit as foundation for constructive contempt, see note in 2 A. L. R. 225. See, also, 6 R. C. L. 531.

Smith to pay a fine of $50 and to be imprisoned in the county jail for a period of fifteen days. Both defendants have appealed and it is now contended that the facts stated in the affidavit were not sufficient to sustain the conviction of either defendant and that if the affidavit was sufficient there was no evidence of any violation of the decree by Rogers. It is also contended that in any event, the acts charged not having been committed in the immediate view and presence of the court, the court was wholly without authority to impose a jail sentence upon Smith.

1. It appears from the statements contained in the affidavit that Rogers, one of the defendants in this proceeding, was the plaintiff in the suit in which the decree was rendered and was the party enjoined thereby and that Smith was not a party to that litigation. But the affidavit does state in direct and positive terms that Smith and Rogers were partners and jointly engaged in the fishing operations complained of and that, although Rogers was not present at the time charged, Smith, with full knowledge of the decree, was actually occupying the premises for fishing purposes for their joint benefit. While there was no direct statement in the affidavit itself that Smith was acting by authority of Rogers, yet there was no objection made to the affidavit in the lower court upon that ground and, upon proof of the facts stated in the affidavit, it would be a reasonable inference to draw from the facts stated that Smith was acting by authority or at least with the full knowledge, consent and approval of Rogers in committing the acts complained of and, that being so, the affidavit was sufficient to sustain a conviction of both or either of them.

2, 3. If Rogers had himself personally carried on and conducted these operations on the land in ques-

tion, he would have been guilty of contempt. What he could not do personally without being guilty of contempt he could not lawfully authorize another to do for him. It is not in civil actions alone that a principal may be held liable for the criminal acts of his agent, for the maxim *"Qui facit per alium facit per se"* applies in the criminal as well as in the civil law. All that is essential to make the principal criminally answerable for the criminal acts of his agent, is that the acts shall be done by his authority. When the principal, though not present, has expressly or impliedly commanded, encouraged, incited or induced his agent to do a criminal act, he is liable criminally therefor. Where the business itself, as it did here, involves a violation of a lawful decree, the authorization of an agent by the principal to conduct the business will make the principal guilty of contempt when the thing done therein is a violation of the decree: 1 Bishop on Criminal Law (9 ed.), § 892, subd. 3. See, also, 2 Mechem on Agency (2 ed.), § 2006.

4. The evidence showed that the operation of the seines used by Smith were drawn to the bank of the river by horses and required the use of the premises in order to conduct the business of fishing at that point, and that Rogers had been enjoined from using the premises for that purpose. It further showed that Smith was a nonresident of the state and could not obtain a license to fish in that manner within the state; that Rogers, who was a resident and citizen of the state, had obtained a license for such fishing, and that these operations were conducted and carried on under such license which was posted upon the ground. The evidence further tended to show that Smith was a partner of Rogers and was conducting the business

for Rogers' benefit as well as his own, and the evidence clearly showed that Smith had knowledge of the injunction against Rogers. Under these facts, the evidence was sufficient to make both defendants answerable for a violation of the decree.

5, 6. The acts constituting the contempt charged were not committed in the immediate view and presence of the court and, hence, before the court could acquire jurisdiction to punish the parties for contempt, the fact constituting the contempt must be shown by an affidavit presented to the court as provided by Sections 670–673, Or. L. See *State* v. *Kaiser,* 20 Or. 50 (23 Pac. 964, 8 L. R. A. 584), and *State* v. *Conn,* 37 Or. 596 (62 Pac. 289). Except in certain prescribed cases of which this is not one, Section 671, Or. L., as amended by Chapter 165, Laws of 1923, provides that when the acts constituting the contempt are not committed in the immediate view and presence of the court, the fine shall not exceed $100 or the contempt be punishable otherwise than by a fine not exceeding that sum unless it shall appear "that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby." It is contended that under this section the court had no authority to impose a jail sentence and this contention is based upon the claim that there was no direct averment in the affidavit that the rights of the relator were defeated or prejudiced by the acts complained of. The affidavit stated that the defendants were using and occupying premises of the relator for the purpose of carrying on and conducting these operations. Such use and occupation of the premises necessarily deprived the relator of the exclusive use to which he was entitled. The facts

stated in the affidavit of the use made of the premises by defendants in violation of the decree and of relator's right to use the land exclusively for his own benefit necessarily defeated or prejudiced the rights of the relator. The statement contained in the affidavit of the facts which caused the defeat or prejudice to the rights of the relator was a statement of the ultimate facts rather than a conclusion to be drawn from the facts themselves. The affidavit was sufficient to authorize the court to impose a jail sentence for the violation of the decree.

Finding no reversible error in the record, the judgment appealed from will be affirmed.    AFFIRMED.

BEAN, BELT and BROWN, JJ., concur.