Argued September 13; reversed October 22, 1935

# STATE *v.* DRISCOLL

(50 P. (2d) 581)

T. R. *Gillenwaters*, of Klamath Falls (Gillenwaters, Van Vactor & Sisemore, of Klamath Falls, on the brief), for appellant.

*Hardin C. Blackmer*, District Attorney, and *A. W. Schaupp*, both of Klamath Falls, for the state.

BEAN, J. The defendant assigns as error, among others, that the judgment and sentence of the court is unlawful, that the court exceeded its authority and jurisdiction in pronouncing such judgment and sentence for the reason that the order of commitment does not recite facts occurring in the immediate view and presence of the court, sufficient to constitute a direct contempt and to give the court jurisdiction, and that the court, in acting summarily, exceeded its jurisdiction.

As we view the case, this is the only question that it is necessary to consider. We treat the statement of the court as to matters that occurred in the presence of the judge in chambers as importing absolute verity; nevertheless the conclusion that the court was in session, we think, is erroneous.

It is a settled rule in this state that the facts constituting contempt when not committed in the persence of the court must be shown by affidavit: *State v. Kaiser,* 20 Or. 50 (23 P. 964, 8 L. R. A. 584) ; *State v. Downing,* 40 Or. 309 (58 P. 863, 66 P. 917) ; *State v. Stillwell,* 80 Or. 610 (157 P. 970).

Section 8-501, Oregon Code 1930, as far as pertinent, provides as follows:

"Contempts defined. The following acts or omissions, in respect to a court of justice, or proceedings therein, are deemed to be contempts of the authority of the court:

1. Disorderly, contemptuous or insolent behavior toward the judge, while holding the court, tending to impair its authority or to interrupt the due course of a trial or other judicial proceeding;

2. A breach of the peace, boisterous conduct or violent disturbance, tending to interrupt the due course of a trial or other judicial proceeding;

\* \* \* \* \*"

The case does not come within this section, nor within the provisions of section 28-1506, Oregon Code 1930. The proceeding was evidently intended to be brought under and by virtue of section 8-501, subd. 1, Oregon Code 1930.

■ Contempt may be classified as direct or indirect, and as criminal or civil; a direct contempt is such as is offered in the presence of the court while sitting judicially; and an indirect or, as it is sometimes called, a constructive contempt, is such as tends by its operation, though not committed in court, to obstruct and embarrass or prevent the due administration of justice: 6 R. C. L. 488, § 1; *State v. Jones,* 111 Or. 295 (226 P. 433, 33 A. L. R. 603).

A court may act summarily in a contempt proceeding when the acts constituting the contempt take place in the immediate view and presence of the court, and, where such acts are not in the immediate view and presence of the court, the court can act only upon an affidavit first having been presented: §§ 8-503, 8-504, Oregon Code 1930. The statute of Oregon does not limit the power of the court to punish for contempt,

but prescribes the method of procedure for the exercise of its power: *State v. Brownell,* 79 Or. 123 (154 P. 428).

The acts of defendant James H. Driscoll, as set out in the order of commitment, did not take place within the immediate view and presence of the court. The judge was in chambers, at the time the act complained of took place, arranging for the trial of cases, and it was while no trial or other judicial proceeding was taking place. The court was not duly constituted or in session. The acts of defendant James H. Driscoll, as set forth in the order of commitment, did not constitute a direct contempt. No doubt the legislature might provide that certain acts committed before the judge of the court should be contemptuous, but the provision for direct contempt is made for some act committed in the immediate presence of the court while in session.

We do not overlook the fact that the learned judge concluded that the court was in session, but from the facts set forth in the order of commitment we are unable to concur in such conclusion, and think that the same was erroneous.

It may be urged that the judge had as full knowledge of the act complained of, and that it constituted contempt, as though the court had been in regular session; but this would not change the situation. The defendant was entitled to be informed of the acts charged as contempt. He would also have a right to raise the question, and be heard thereon, as to whether, under the law, the facts stated amounted to contempt, and, if so, to answer and make defense.

In the case of *State v. McClain,* 136 Or. 60 (298 P. 213), we find the following language: "A direct contempt of court is the committing of some improper act in the presence of the court while in session."

The act complained of as set forth in the order took place on March 8, 1935. The defendant was called to account for the same, and the order was dated March 19, 1935. A sufficient time had elapsed to give an opportunity for the charge to be reduced to writing and permit the defendant to answer thereto.

For the reasons stated, the judgment of the circuit court is reversed.

Rossman, J., not sitting.