Submitted on record and briefs June 11, affirmed July 26, 1976

STATE ex rel BECKETT, *Respondent,*
*v.*
STOCKETT, *Appellant.*
(No. 75-4045 Misc. 8734, CA 5840)
552 P2d 838

William A. Molloy, Eugene, filed the brief for appellant.

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Janet A. Metcalf, Assis-

tant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant appeals from an order finding him in direct contempt of the Lane County Circuit Court and sentencing him to 30 days in custody. The incident precipitating the contempt order occurred at the close of a pretrial hearing. At that time defendant shouted repeated obscenities at the judge. The judge told defendant he was in contempt; defendant again vilified the judge; and the judge sentenced him.

ORS 33.030 provides:

> "When contempt is committed in the immediate view and presence of the court or officer, it may be punished summarily * * *."[1]

Defendant contends that because the court failed to advise him of the possible consequences of his contemptuous conduct, the court erred in finding him in contempt. Defendant bases this proposition on a passage in a concurring opinion by Mr. Justice Brennan which states:

> "Of course, no action against an unruly defendant is permissible except after he has been fully and fairly informed that his conduct is wrong and intolerable, and warned of the possible consequences of continued misbehavior * * *." *Illinois v. Allen,* 397 US 337, 350, 90 S Ct 1057, 25 L Ed 2d 353 (1970).[2]

In that case, however, the majority stated:

> "It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case.

---

[1] The power, which is not granted statutorily, has existed from the earliest period of the common law. *Rust v. Pratt,* 157 Or 505, 512, 72 P2d 533 (1937).

[2] The court's order states that "* * * [T]he Court, in the course of forewarning the defendant, was interrupted by the defendant repeating the same words * * *." The record is ambiguous, and we will address defendant's contention on its legal merits.

No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations. We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant like Allen: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly." 397 US at 343-44.

It was made clear, shortly after the *Allen* decision, that the majority of the court did not agree with Mr. Justice Brennan's statement in *Allen,* upon which defendant relies. In *Mayberry v. Pennsylvania,* 400 US 455, 91 S Ct 499, 27 L Ed 2d 532 (1971), defendant, during his trial on criminal charges, repeatedly insulted the trial judge. Defendant was found guilty of the charges, but before imposing sentence the judge pronounced defendant guilty of criminal contempt. Defendant had been given no warnings during the trial. The court held that a defendant in criminal contempt proceedings should be given a public trial before a judge other than the one reviled by the contemner. However, Mr. Justice Douglas, writing for the majority, noted that the situation could have been handled differently. He stated:

"As these separate acts or outbursts took place, the arsenal of authority described in *Allen* was available to the trial judge to keep order in the courtroom. He could, with propriety, have instantly acted, holding petitioner in contempt, or excluding him from the courtroom, or otherwise insulating his vulgarity from the courtroom * * *.

"* * * Where, however, he does not act the instant the contempt is committed, but waits until the end of the trial, on balance, it is generally wise where the marks of the unseemly conduct have left personal stings to ask a fellow judge to take his place * * *." 400 US at 463-64.

██ Failure to forewarn defendant that his behavior would result in a finding of contempt did not prevent the court from exercising its authority under ORS 33.030. Furthermore, the choice of which *Allen* remedy to apply in a given situation is within the dis-

cretion of the trial court. *Mayberry v. Pennsylvania, supra.* We do not agree with defendant's contention that that discretion was abused.

Defendant also contends that the court erred in finding him in contempt because his outburst was not wilful, and it did not interrupt the proceeding. ORS 33.010 defines contempts. It states in part:

> "(1) The following acts or omissions, in respect to a court of justice, or proceedings therein, are contempts of the authority of the court:
>
> "(a) Disorderly, contemptuous or insolent behavior toward the judge, while holding the court, tending to impair its authority or to interrupt the due course of a trial or other judicial proceeding.
>
> "* * * * *"

The statute is in the disjunctive, and an interruption is not necessary. A tendency of the behavior to impair the court's authority is contempt.

■ The Oregon Supreme Court, however, has put a gloss on ORS 33.010 making wilfulness an element of contempt although it is not specifically recited by the statute. In *State ex rel. v. McClain et al.,* 136 Or 60, 298 P 213 (1931), dealing with a different subsection of the contempt definition, the court chose not to punish all contempts fitting within the statutory language. It stated:

> "However, in determining the issues herein, we shall adhere to what we believe to be the better doctrine — to punish wilful disobedience only." 136 Or at 64.

A few years later, the court reaffirmed this statement:

> " ' "A direct contempt of court is the committing of some improper act in the presence of the court while in session. * * * Contempt is the wilful disregard of the authority of a court of justice." *State v. Driscoll* [151 Or 363], 50 Pac. (2d) 584.' " *Rust v. Pratt,* 157 Or 505, 510, 72 P2d 533 (1937).

*Accord, State of Oregon v. Yates,* 208 Or 491, 498-99, 302 P2d 719 (1956). The nature of the obscenities directed toward the judge is itself sufficient to answer

[ 171 ]

defendant's contention that his contemptuous behavior was not wilful.

■ Finally, it was not error, as defendant contends, to punish him by incarceration since his behavior was contempt as defined by ORS 33.010(1)(a). ORS 33.020(1) allows punishment by imprisonment in such a case.[3]

Affirmed.

---

[3]"(1) Every court of justice and every judicial officer has power to punish contempt by fine or imprisonment, or both; but such fine shall not exceed $300 nor the imprisonment six months, except in the cases mentioned in subsection (2) of this section; and when the contempt is not one of those mentioned in paragraphs (a) and (b) of subsection (1) of ORS 33.010, or in subsection (1) of ORS 1.240, it must appear that the right or remedy of a party to an action, suit or proceeding was defeated or prejudiced thereby before the contempt can be punished otherwise than by a fine not exceeding $100." ORS 33.020(1).