Argued and submitted May 10, 1993, resubmitted In Banc January 5, reversed February 23, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID RAY BAKER,
*Appellant.*

(92D-100898; CA A75169)

868 P2d 1368

D. Olcott Thompson argued the cause and filed the brief for appellant.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

De MUNIZ, J.

Rossman, J., dissenting.

## De MUNIZ, J.

This is an appeal from a judgment of contempt and the imposition of a punitive sanction pursuant to ORS 33.096. We are asked to consider for the first time the parameters of a trial court's authority under that statute.

The trial court made these findings:

"Defendant, following his appearance on a traffic case [before the judge], returned to court and began berating the office staff in the trial court judge's office and while in the judge's presence. The judge was signing a stack of papers related to other cases. Defendant also made a disparaging remark about the judge to staff[;] to wit: 'that *gentleman*, and I use that term loosely * * *.' At that point the defendant was first asked, and then directed, by the judge to leave the courthouse. The defendant persisted in refusing to leave. The judge then informed the defendant he would be found in contempt of court if he refused to leave, where upon [*sic*] defendant stated to the judge:

" 'I have nothing but contempt for you.'

"Whereupon he was found in contempt and directed to remain until a deputy could be located. He refused, but the deputy arrived before he was able to get on the elevator." (Emphasis in original.)

The court further found that

"[d]efendant's conduct disrupted the orderly proceedings of the court, substantially impaired the authority and dignity of the court, interfered with the orderly administration of justice by the court, impaired the respect due the court, and constituted willful disobedience of, and resistance to the court's authority and order[.]"

Immediately after that incident, sheriff's deputies took defendant into the judge's courtroom, where the judge set sentencing for the following Monday, which was six days later, and ordered that, in the interim, defendant be held in custody.

■ Under ORS 33.015(2), a person is in contempt of court if the person wilfully commits one of the following acts:

"(a) Misconduct in the presence of the court that interferes with a court proceeding or with the administration of justice, or that impairs the respect due the court;

"(b)   Disobedience of, or resistance to or obstruction of the court's authority, process, orders or judgments[.]"

Defendant contends that his conduct cannot constitute contempt under those statutes, because it was addressed to the judge as a person, not to the judge's judicial office. He is wrong. Whether defendant directed his disrespectful behavior at the judge personally or at his office is irrelevant, if the conduct is of the nature described in ORS 33.015(2). Defendant's conduct is of the type described in ORS 33.015(2)(a) and (b).

■      The question remains, however, whether the court could proceed summarily under ORS 33.096, which provides, in part:

"A court may summarily impose a sanction upon a person who commits a contempt of court in the immediate view and presence of the court. The sanction may be imposed for the purpose of preserving order in the court or protecting the authority and dignity of the court."

The dissent concludes that the judge was "conducting court business" because he was signing orders and, therefore, that defendant's conduct could be summarily sanctioned. However, that conclusion is contrary to the traditional understanding of direct contempt and is not warranted by any of the 1991 changes to contempt law. Or Laws 1991, ch 724.

Traditionally, a direct contempt of court was the commission of an improper act in the presence of the court *while in session. Rust v. Pratt*, 157 Or 505, 510, 72 P2d 533 (1937), *cert dismissed* 303 US 621 (1938). Such contempt could be summarily sanctioned. The Supreme Court has declined to extend that "summary sanction" power to contempt that occurs outside of judicial proceedings. In *State v. Driscoll*, 151 Or 363, 50 P2d 581 (1935), the defendant committed contempt in the judge's chambers. The Supreme Court held that the court was not "in session" and, therefore, summary sanction was not available:

"Contempt may be classified as direct or indirect, and as criminal or civil; a direct contempt is such as is offered in the presence of the court *while sitting judicially*; and an indirect or, as it is sometimes called, a constructive contempt, is such as tends by its operation, though not committed in court, to obstruct and embarrass or prevent the due administration of

justice * * *." 151 Or at 367. (Citations omitted; emphasis supplied.)

The court concluded that, in cases other than direct contempt, the statute that allowed a court to act only upon an affidavit prescribed the procedure for the exercise of the court's power to impose sanctions for contempt.

The dissent labels *Driscoll* an "old decision [which] is plainly erroneous when examined in today's sunlight," 126 Or App at 515, even though the dissent recognizes that the statutes "as relevant, have not changed significantly since the Supreme Court made its decision in *Driscoll*." 126 Or App at 515. The dissent notes that, under ORS 1.240(1), a judicial officer has the power to preserve order when the officer is performing a duty imposed by a statute. 126 Or App at 514-15. That power existed when *Driscoll* was decided. Subsection 1 of section 8-501, Oregon Code 1930, defined contempt as conduct directed toward the judge "while holding court," and also stated:

"12.   * * *

"[D]isobedience of the lawful order or process of [a judicial] officer, made in the cases specified in section 28-1506, is and also to be deemed a contempt of the authority of such officer."

Section 28-1506 provided, in part:

"Every judicial officer has power, —

"1.   To preserve and enforce order in his immediate presence, and in the proceedings before him, when he is engaged in the performance of a duty imposed upon him by this Code or other statute[.]"

Despite the authority to sanction for contempt while a judicial officer was engaged in the "performance of a duty," the court in *Driscoll* did not find that that language provided authority for summary sanctions. The dissent does not explain how a judge "conducting court business" differs from a judicial officer's "performance of a duty." Instead, it would have us ignore *Driscoll* and hold that, any time or any place a judicial officer is "conducting business," summary sanctions could be imposed.

The 1991 revisions of the contempt statutes do not support the dissent's broad extension of a court's power, and the legislative history demonstrates that the traditional distinctions were to be continued. Legislative counsel explained to the Senate Judiciary Committee:

> "Direct contempt must occur in the immediate presence of the judge. Also, the sanction may be imposed for the purpose of preserving order in the court or protecting the authority and dignity of the court. Views this as a limitation." Minutes, Senate Judiciary Committee 5 (February 6, 1991).

At first glance, the use of the word "judge" might appear to support the dissent's position. However, the contempt revisions were submitted to the legislature at the request of R. William Linden, State Court Administrator, and it is clear from his testimony that no extension of direct contempt powers beyond what already existed was intended. The bill summary provided by Linden explains the section that was later codified as ORS 33.096:

> "As in current law, [the new bill] provides for summary imposition of sanction for contempt in [the] court's immediate view and presence." Minutes, Senate Judiciary Committee, Exhibit H (February 6, 1991).

The testimony also included the explanation that the bill:

> "F.   Codifies case law that defines contempt as an inherent court power, incorporates court decisions that define and limit that power, and recognizes the related broad judicial power to fashion effective remedies such as community service and probation that are not expressly provided under current statutes.
>
> "* * * * *
>
> "The proposed bill codifies existing case law, fills in gaps in existing statutes and case law (such as a definite statute of limitations, burden of proof), and limits the right to appointed counsel * * *." Minutes, Senate Judiciary Committee, Exhibit H (February 6, 1991).

ORS 33.096 incorporates the rationale behind summary sanctions: The power to punish a direct contempt summarily is inherent in all courts and arises from the necessity of preserving order in judicial proceedings. *City of Klamath Falls v. Bailey*, 43 Or App 331, 334, 602 P2d 1107

(1979). The revisions to the contempt statutes do not overrule earlier law, under which a judge signing orders in chambers does not constitute a "court." The summary proceeding here was in error.

Reversed.

**ROSSMAN, J.,** dissenting.

I dissent from the majority's opinion that a summary sanction for contempt is available only if the contempt takes place in court, during a judicial proceeding. In its attempt to show how the rationale of a 1935 decision is still pertinent, the majority overlooks 59 years of legislative and judicial guidance, and essentially emasculates the most recently enacted summary contempt statute. ORS 33.096 provides:

> "A court may summarily impose a sanction upon a person who commits a contempt of court in the immediate view and presence of the court. The sanction may be imposed for the purpose of preserving order in the court *or protecting the authority and dignity of the court.*" (Emphasis supplied.)

Here, despite repeated exhortations, defendant harassed the judge and his staff while the judge was conducting court business. I would conclude that the summary sanction was authorized and appropriate in order to protect the authority and dignity of the court.

The majority's quandary as to whether and when a judge constitutes a "court," for purposes of summary sanctions for contempt, is squarely addressed by the statutes that deal with the authority of judicial officers. Under ORS 1.240(1), a judicial officer has the power to

> "preserve and enforce order in the immediate presence of the judicial officer, and the proceedings before the judicial officer, when the judicial officer is performing a duty imposed by a statute."

To effectuate those powers,

> "a judicial officer may punish for contempt, *in the cases and manner provided by statute.*" (Emphasis supplied.) ORS 1.250.

Clearly, the latter statute is a reference to ORS chapter 33, the only chapter that comprehensively addresses contempt. ORS 1.230 provides that

"[a] judge may exercise, out of court, all of the powers expressly conferred upon a judge as distinguished from a court, and not otherwise."

The upshot of those provisions is that a judge, like a court, has the power to punish for contempt pursuant to the provisions of ORS chapter 33, in order to preserve and enforce order in the immediate presence of the judge, for conduct committed in the presence of the judge while the judge is conducting court business. As provided in ORS 1.230, the conduct need not take place in the courtroom. If the conduct threatens the authority and dignity of the court, then, pursuant to ORS 33.096, the sanction may be imposed summarily.[1]

The majority's reliance on *State v. Driscoll*, 151 Or 363, 50 P2d 581 (1935), is misplaced, because the analysis in that old decision is plainly erroneous when examined in today's sunlight. Back then, the court held that, although a person may be held in contempt for committing acts not in the immediate view and presence of the judge, summary sanctions for direct contempt were available only for acts committed before the court *while in session*. The court thus concluded that contempt is not committed in the immediate view and presence of the court if the court is not in session. That is clearly contrary to our statutes, which, as relevant, have not changed significantly since the Supreme Court made its decision in *Driscoll*. In short, *Driscoll* was just plain wrong then and it is just as wrong now. As I have explained, ORS 1.230, ORS 1.240 and ORS 1.250, when considered together, clearly contemplate that a judge has the authority to punish contemptuous acts occurring outside the courtroom, so long as those acts take place in the immediate view and presence of the judge. The judge's authority to punish for that contempt is clearly set forth in ORS chapter 33, and includes the power to impose summary sanctions.

I believe this trial judge did exactly what he should have done under the law and the facts. We should be affirming, not reversing.

Accordingly, I dissent.

Leeson, J., joins in this dissent.

---

[1] Although the statutes are clear on their face and do not require resort to legislative history, the legislative history cited by the majority supports that view.