Argued and submitted June 21, reversed and remanded in part; otherwise affirmed
August 2, 1995

In the Matter of the Marriage of

Rose M. PEARSON,
*Petitioner,*

*and*

Dennis B. PEARSON,
*Respondent.*

STATE OF OREGON,
*Respondent,*

*v.*

Dennis B. PEARSON,
*Appellant.*

(9008-67097; CA A85262)

900 P2d 533

Alan L. Gallagher argued the cause and filed the brief for appellant.

Janie M. Burcart argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Stephanie S. Andrus, Assistant Attorney General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Defendant appeals from two convictions for contempt. ORS 33.065; ORS 33.096. We affirm in part and reverse in part.

The facts are taken from the trial court's findings. In August 1990, a restraining order was issued to prohibit defendant from "molesting, interfering with or menacing" his former wife, Rose M. Pearson, now known as LeMasters.[1] In June 1993, defendant sent LeMasters a threatening letter, in violation of the terms of the restraining order. Defendant was charged with contempt and the court appointed counsel to represent him. At the start of the contempt proceeding, defendant discharged his attorney and continued without representation. He was convicted and sentenced to 60 days in the Multnomah County Jail. ORS 33.015(2)(b); ORS 33.065. At the close of the proceeding, defendant "shout[ed] an obscenity" in the courtroom and the judge subsequently found him guilty of direct contempt.[2] ORS 33.015(2)(a); ORS 33.096. The court imposed a punitive sanction of 30 days of custody in addition to the sentence it had previously imposed for the first contempt conviction. ORS 33.105(3)(b).

On appeal, defendant challenges both convictions. In his first two assignments of error, he contends that the trial court erred in failing to appoint substitute counsel and erred in allowing him to represent himself at the contempt proceeding without first determining that his waiver of counsel was constitutionally valid. Because it is dispositive, we resolve the waiver issue first.[3]

---

[1] The restraining order was continued in July 1992 and renewed in July 1993.

[2] The term "direct" contempt has traditionally been used by the legislature and the courts to refer to contempt "committed in the immediate view and presence of the court." *See former* ORS 33.030, *repealed by* Or Laws 1991, ch 724, § 32; OCLA § 11-503; *State v. Crenshaw*, 307 Or 160, 764 P2d 1372 (1988); *State ex rel Hixson and Hixson*, 199 Or 574, 263 P2d 603 (1953); *Rust v. Pratt*, 157 Or 505, 72 P2d 533 (1937). We recognize that the legislature discontinued the use of "direct" contempt in the 1991 amendments to ORS chapter 33. However, for the sake of convenience, we will continue to use the term when referring to contempt committed in court that is punished summarily pursuant to ORS 33.096. *See State v. Baker*, 126 Or App 508, 868 P2d 1368 (1994).

[3] Accordingly, we need not reach the state's argument that defendant's first claim is unpreserved.

 The Supreme Court has held that, under Article I, section 11, of the Oregon Constitution,[4] a waiver of the right to counsel must be voluntarily and intelligently made. *State v. Meyrick*, 313 Or 125, 132, 831 P2d 666 (1992). A trial court may accept a defendant's waiver of counsel

> "only if it finds that the defendant knows of his or her right to counsel and, if indigent, of his or her right to court-appointed counsel, and that the defendant intentionally relinquishes or abandons that right." *Id.* at 133.

That standard requires some determination by the court that the defendant is aware of his or her right to counsel and recognizes the risks of proceeding without representation. *Id.*; *State v. Mendonca*, 134 Or App 290, 894 P2d 1247 (1995); *State v. Curran*, 130 Or App 124, 880 P2d 956 (1994). An understanding of the right to counsel is crucial; otherwise the waiver cannot be said to have been made with "eyes open." *State v. Carter*, 107 Or App 48, 52, 810 P2d 872 (1991). There is no formal catechism that the court must follow. Rather, we review the record as a whole to see if advice was given by the court or if the record shows that the defendant otherwise possessed sufficient information that would indicate that the waiver of representation was voluntarily and intelligently made. *State v. Meyer*, 116 Or App 80, 840 P2d 1357 (1992).

 At the beginning of the contempt proceeding, this brief exchange occurred:

> "[DEFENDANT'S COUNSEL]: [Defendant] would like to ask for a reset. It's also my understanding that he has fired me and would like to ask for a new attorney.

> "THE COURT: Well, you only get one attorney, sir.

> "[DEFENDANT]: Well, then, Your Honor, I will be prepared to defend myself.

> "THE COURT: Okay.

> "[DEFENDANT]: But I have asked for many things, and we have only had about five minutes of talk, and we are definitely are not ready to proceed at this time.

> "THE COURT: Well, before we get into all that, do you want to represent yourself?

---

[4] Article I, section 11, of the Oregon Constitution provides:

"In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel * * *."

"[DEFENDANT]: — a two-week setover.

"THE COURT: Just a minute, sir. Do you want to represent yourself; yes or no?

"[DEFENDANT]: I will, Your Honor. I have no problem.

"THE COURT: [Defense counsel], you are free to go."

It is apparent from that colloquy that defendant intended to waive his right to counsel. However, defendant was not informed of the difficulties or risks of self-representation. The court did not expressly impart that information to defendant and the record contains no evidence demonstrating that defendant was otherwise aware of the risks involved in waiving his right to counsel. The court's failure to ensure that defendant's waiver was voluntary and intelligent is reversible error. *Mendonca,* 134 Or App at 293; *State v. Fiala,* 107 Or App 193, 810 P2d 1344 (1991). Accordingly, defendant's contempt conviction for violating the restraining order must be reversed and remanded for a new trial.[5]

We turn to defendant's assignments of error concerning his conviction for direct contempt. Defendant first argues that the court erred in finding him guilty of direct contempt, because he was not represented by an attorney during the summary proceeding.[6] We disagree. A defendant in a summary contempt proceeding for direct contempt is not entitled to the same protections that are otherwise available in a regular contempt proceeding. ORS 33.096 expressly states that "[t]he provisions of ORS 33.055 and 33.065 do not apply to summary imposition of sanctions[.]" Among those provisions is ORS 33.065(6), which grants defendants subject to punitive sanctions in contempt proceedings the same "constitutional and statutory protections, including the right to court-appointed counsel," that defendants subject to a like penalty in a criminal proceeding would be entitled. By express

---

[5] Because of our disposition of this issue, we need not address defendant's remaining assignments of error concerning his first conviction for contempt.

[6] It is not clear from defendant's brief whether he is arguing that his invalid waiver of counsel at the original contempt proceeding requires reversal of the conviction for direct contempt or whether he is arguing that he was entitled to counsel during the summary proceeding. Nevertheless, as discussed below, both arguments fail under ORS 33.096.

statutory terms, there is no right to counsel in a summary contempt proceeding.[7] *See also State ex rel Spencer v. Howe*, 281 Or 599, 602 n 1, 576 P2d 4 (1978).

■ ■ Defendant also contends that the court abused its discretion in imposing a 30-day sentence, arguing that the sentence was "arbitrary and excessive under the circumstances, and entirely out of proportion to the remark made." The power to punish individuals for direct contempt in a summary proceeding is within the inherent authority of the court, and is necessary to preserve order and dignity in the judicial process. *State v. Baker*, 126 Or App 508, 511, 868 P2d 1368 (1994). Defendant's conduct, which occurred while the court was calling the next case, was disruptive and unquestionably constituted contempt. ORS 33.015(2)(a). The 30-day sentence was within the maximum prescribed by statute for such proceedings.[8] Accordingly, the court did not abuse its discretion in imposing that sanction to punish defendant's conduct. Defendant's remaining assignment of error does not merit discussion.

Conviction for contempt for violation of restraining order reversed and remanded for a new trial; otherwise affirmed.

---

[7] Defendant does not claim that his state or federal constitutional right to counsel was violated during the summary proceeding.

[8] ORS 33.105(3)(b) provides, in part:

"In a summary proceeding * * * a court may impose one or more of the following sanctions * * *:

"(a) A punitive fine of not more than $500;

"(b) Confinement as a punitive sanction for not more than 30 days; or

"(c) Probation or community service."