Submitted on the record October 29, 1996; resubmitted March 7, order of the Chief Judge of the Court of Appeals reversed, and case remanded to the Court of Appeals for further proceedings March 20, 1997

Richard BARTON,
*Respondent on Review,*

*v.*

William Stirling MAXWELL,
*Petitioner on Review,*

*and*

Donald G. CHANDLER,
*Respondent on Review.*

(87CV201; CA A80236; SC S43170)

933 P2d 966

William Stirling Maxwell, petitioner on review, filed the petition *pro se*.

Mike Stebbins, of Stebbins & Coffey, North Bend, waived appearance for respondent on review Richard Barton.

Nick Nylander, of Flaxel & Nylander, North Bend, waived appearance for respondent on review Donald G. Chandler.

DURHAM, J.

## DURHAM, J.

Defendant Maxwell seeks review, pursuant to ORS 2.520,[1] of an order of the Chief Judge of the Court of Appeals. The order summarily imposed a sanction, in the form of a $500 fine, against Maxwell for contempt of court, pursuant to ORS 33.096, which provides:

> "A court may summarily impose a sanction upon a person who commits a contempt of court in the immediate view and presence of the court. The sanction may be imposed for the purpose of preserving order in the court or protecting the authority and dignity of the court. The provisions of ORS 33.055 and 33.065 do not apply to summary imposition of sanctions under this section."

The contempt sanction imposed in this case arises from the following facts. Maxwell is involved in a lengthy legal dispute. After a trial and an appeal several years ago, the Court of Appeals remanded the case for further proceedings. *Barton v. Maxwell*, 106 Or App 583, 809 P2d 1340 (1991). After the judgment was entered in the proceeding on remand, Maxwell again appealed. During that second appeal, Maxwell filed a substantial number of motions with the Court of Appeals.

On January 31, 1996, the Chief Judge of the Court of Appeals entered an order denying one of Maxwell's motions. The order also stated, in part:

> "Appellant [Maxwell] is directed not to file any additional motions in this case without leave of the court."

On February 28, 1996, Maxwell filed a motion in the Court of Appeals seeking certain sanctions against plaintiff's

---

[1] ORS 2.520 provides:

> "Any party aggrieved by a decision of the Court of Appeals may petition the Supreme Court for review within 35 days after the date of the decision, in such manner as provided by rules of the Supreme Court."

We assume, without deciding, that the order of the Chief Judge under review is a "decision of the Court of Appeals" within the meaning of ORS 2.520. *Compare* ORS 2.550(3) (describing authority of the Chief Judge to issue orders in certain circumstances) *with* ORS 2.570(4) (authorizing a three-judge department of the Court of Appeals "to hear and determine causes, and all questions which may arise therein").

counsel. Maxwell did not seek leave of the court before filing that motion.

On March 4, 1996, Maxwell filed a motion for retroactive leave to file the motion that he had filed on February 28, 1996. On March 5, 1996, the Chief Judge entered an order *nunc pro tunc* to March 4, 1996, denying retroactive leave. The order also stated:

> "Further, the filing of the motion without leave of the court was in direct violation of the court's order of January 31, 1996, and, as such, was a contempt of court. ORS 33.096. Pursuant to ORS 33.015(2),[2] the court imposes a fine of $500 against appellant, William Stirling Maxwell, payable to the State Court Administrator within 14 days of the date of this order."

Several weeks later, the Court of Appeals affirmed the trial court's judgment. *Barton v. Maxwell*, 140 Or App 137, 913 P2d 348, *rev den* 324 Or 18 (1996).

This court allowed Maxwell's petition for review of the order imposing the contempt sanction. Maxwell argues that his alleged misconduct—filing a motion on February 28, 1996, without the court's permission—did not occur "in the immediate view and presence" of the Court of Appeals, as required by ORS 33.096.

ORS 33.096 was adopted in 1991 as a part of a comprehensive reform of several statutes that control proceedings for contempt of court. Or Laws 1991, ch 724, §§ 1-14. The preexisting statutory scheme incorporated several concepts regarding contempt of court that had their origin in the common law. One concept was that a "direct" contempt is one

---

2 ORS 33.015 provides, as material:

"For the purposes of ORS 33.015 to 33.155:

"* * * * *

"(2) 'Contempt of court' means the following acts, done willfully:

"(a) Misconduct in the presence of the court that interferes with a court proceeding or with the administration of justice, or that impairs the respect due the court;

"(b) Disobedience of * * * the court's * * * orders * * *[.]"

committed in the presence of the court while sitting in a judicial capacity. *See State v. Jones*, 111 Or 295, 300-02, 226 P 433 (1924):

> "Our statute, in defining contempt in respect to unlawful interference with the process or proceeding in a court of justice, is largely, if not entirely, declaratory of the common law. * * *
>
> "* * * * *
>
> "* * * Contempts are classified as direct or indirect, and as criminal or civil; a direct contempt is such as is offered in the presence of the court while sitting judicially; and an indirect or, as it is sometimes called, a constructive contempt, is such as tends by its operation, though not committed in court, to obstruct and embarrass or prevent the due administration of justice: 6 R. C. L. 488, § 1."

The 1991 amendments eliminated references to the categories of direct, indirect, criminal, and civil contempt that *Jones* described.

In one respect that is relevant to our inquiry here, the 1991 amendments did not modify the preexisting statute. ORS 33.096 maintains intact the decades-old rule that the authority of the court to punish a contempt summarily—that is, by court order without presentation of an accusatory instrument or affidavit—exists only if the offender commits the contempt "in the immediate view and presence of the court." This court has explained the meaning of that statutory phrase in several cases, to which we now turn.

In *Taylor v. Gladden*, 232 Or 599, 377 P2d 14 (1962), the plaintiff unsuccessfully moved to remove the trial judge for alleged prejudice. He then said to the court, "I think you better disqualify yourself" and "I can't express my contempt for you." *Id.* at 601-02. The court summarily found the plaintiff in contempt of court. On appeal, this court said:

> "The contempt in this case was 'committed in the immediate view and presence of the court' and 'may be punished summarily.' ORS 33.030. Conduct of [the plaintiff] such as is disclosed by the record is defined as a contempt in ORS 33.010(1)(a), which reads:

" 'Disorderly, contemptuous or insolent behavior toward the judge, while holding the court, tending to impair its authority or to interrupt the due course of a trial or other judicial proceeding.'

"The power of the courts to punish for a direct contempt is not, however, derived from the statute, but is inherent in all courts and arises from necessity. *Rust v. Pratt*, 157 Or 505, 511, 72 P2d 533, app dis 303 US 621, 58 S Ct 648, 82 L Ed 1084 [(1937)]. Differently from proceedings for indirect contempts, which must be instituted by affidavit and the issuance of a show cause order or warrant of arrest, ORS 33.040, no pleading is required in cases of direct contempt but the offence may, as the statute says, 'be punished summarily.' " *Id.* at 603-04.

This court in *Taylor* also noted that the statute incorporated the common law rule that a court may punish a direct contempt committed "in the face of the court":

"As above stated, the statute provides that the accused may be punished summarily. The statute is but a legislative expression of the common law rule. See Annotation, 57 ALR 545. In *ex parte Terry*, [128 US 289, 9 S Ct 77, 32 L Ed 405 (1888)], the Supreme Court of the United States, after an elaborate review of the authorities, said, at page 313:

" 'We have seen that it is a settled doctrine in the jurisprudence both of England and of this country, never supposed to be in conflict with the liberty of the citizen, that for direct contempts committed in the face of the court, at least one of superior jurisdiction, the offender may, in its discretion, be instantly apprehended and immediately imprisoned, without trial or issue, and without other proof than its actual knowledge of what occurred; and that, according to an unbroken chain of authorities, reaching back to the earliest times, such power, although arbitrary in its nature and liable to abuse, is absolutely essential to the protection of the courts in the discharge of their functions. Without it, judicial tribunals would be at the mercy of the disorderly and violent, who respect neither the laws enacted for the vindication of public and private rights, nor the officers charged with the duty of administering them.'

"It is an erroneous idea that a person is entitled to a hearing on a charge of contempt committed in the face of the court." 232 Or at 605-06.

In *Rust*, several witnesses refused to answer questions on grounds of possible self-incrimination. 157 Or at 507-08. The trial judge ordered the witnesses to answer. They refused, and the court summarily found them in contempt and ordered them imprisoned. *Ibid.* The Supreme Court affirmed the trial court's refusal to issue a writ of habeas corpus to release the witnesses, explaining:

"In the case at bar the sentence of the court was in accordance with the provisions of the law providing for the punishment. It was in the immediate presence of the court and the judgment committed each of the petitioners to jail until he purged himself of the contempt, but in no event for a period longer than six months.

"* * * * *

"Section 8-503, Oregon Code 1930, provides that when a contempt is committed in the immediate view and presence of the court it may be punished summarily, for which an order must be made reciting the facts as occurring in such immediate presence, determining that the person proceeded against is thereby guilty of a contempt, and that he be punished as therein prescribed." *Id.* at 512.

Finally, in *State v. Driscoll*, 151 Or 363, 50 P2d 581 (1935), the defendant entered the chambers of a trial court judge, explained that he was interested in a pending civil case involving two lumber companies, and attempted to persuade the judge to postpone action on the case. The judge responded by invoking summary contempt procedures for what the court believed was a direct contempt. On appeal, this court disagreed, stating:

"Contempt may be classified as direct or indirect, and as criminal or civil; a direct contempt is such as is offered in the presence of the court while sitting judicially; and an indirect or, as it is sometimes called, a constructive contempt, is such as tends by its operation, though not committed in court, to obstruct and embarrass or prevent the due administration of justice: 6 R. C. L. 488, § 1; *State v. Jones*, 111 Or. 295 (226 P. 433, 33 A. L. R. 603 [(1924)]).

"* * * * *

"The acts of defendant James H. Driscoll, as set out in the order of commitment, did not take place within the immediate view and presence of the court. The judge was in chambers, at the time the act complained of took place, arranging for the trial of cases, and it was while no trial or other judicial proceeding was taking place. The court was not duly constituted or in session. The acts of defendant James H. Driscoll, as set forth in the order of commitment, did not constitute a direct contempt. No doubt the legislature might provide that certain acts committed before the judge of the court should be contemptuous, but the provision for direct contempt is made for some act committed in the immediate presence of the court while in session." 151 Or at 367-68.

■  *Taylor, Rust,* and *Driscoll* demonstrate that the phrase "in the immediate view and presence of the court" confines the court's authority, in summarily punishing a contempt, to misconduct that occurs *in the court's immediate presence when the court is in session during a judicial proceeding.* Because the legislature did not modify that phrase in adopting the 1991 amendments, those cases explain the legislature's intention in incorporating that phrase into ORS 33.096. If misconduct occurs when those conditions are not present, the alleged contemnor is entitled to the more detailed contempt procedures described in ORS 33.055 (procedure for imposition of remedial sanctions) or ORS 33.065 (procedure for imposition of punitive sanctions).

■  In the present case, Maxwell's alleged misconduct consisted of filing a motion by mail in the Court of Appeals without first obtaining leave of the court, in violation of the Chief Judge's January 31, 1996, order. The Chief Judge learned of that act when the motion arrived at the court. However, Maxwell's act, like that of the defendant in *Driscoll,* did not occur in the court's immediate view and presence while it was in session during a judicial proceeding. Consequently, the Chief Judge was not authorized to impose a contempt sanction summarily for Maxwell's act.

The order of the Chief Judge of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.