Submitted June 3, 2016, affirmed February 23, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHN HENRY BLACKBURN,
*Defendant-Appellant.*

Tillamook County Circuit Court
15CN00623; A159236

391 P3d 929

John Henry Blackburn filed the brief *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor Gutman, and Susan G. Howe, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## LAGESEN, J.

Defendant appeals from a judgment of punitive contempt, which ordered him to serve 10 days' incarceration in a local jail once he completed his prison sentence on a criminal matter. *See* ORS 33.125 (authorizing appeals under ORS 138.220 from contempt judgment). The trial court summarily held defendant in contempt when defendant, who was appearing by phone at a hearing in a marital dissolution proceeding, repeatedly failed to adhere to the court's directive to stop interrupting the court. On appeal, defendant contends that the trial court erred in three respects. For the reasons that follow, we conclude otherwise.

Defendant's first argument challenges the trial court's authority to sanction him summarily for contempt under ORS 33.096. ORS 33.096 authorizes a trial court to impose contempt sanctions summarily when the contemptuous conduct occurs in open court:

> "A court may summarily impose a sanction upon a person who commits a contempt of court in the immediate view and presence of the court. The sanction may be imposed for the purpose of preserving order in the court or protecting the authority and dignity of the court. The provisions of ORS 33.055 and 33.065 do not apply to summary imposition of sanctions under this section."

But where the contemptuous act occurs outside the court, ORS 33.065 prescribes procedures the court must follow before holding someone in punitive contempt. *State v. Ferguson*, 173 Or App 118, 123-24, 20 P3d 242 (2001).

Defendant notes that ORS 33.096 requires the commission of contemptuous conduct to occur "in the immediate view and presence of the court" for summary procedures to apply. He then contends that, because he appeared by telephone, his conduct did not occur in the court's "immediate view and presence."

The question, then, is whether a party who engages in contemptuous conduct while appearing at a court hearing telephonically does so in the court's "immediate view and presence" so as to permit the trial court to employ the summary contempt procedures of ORS 33.096. The answer

to that question is yes. As the Supreme Court explained in construing a predecessor statute to ORS 33.096, the point of the statute is to permit the court to hold a person in contempt summarily "for some act committed in the immediate presence of the court while in session." *State v. Driscoll*, 151 Or 363, 368, 50 P2d 581 (1935). Where a person appearing at a court hearing by telephone engages in contemptuous conduct, that conduct occurs while court is in session. The conduct also occurs in the immediate presence of the court, at least where, as here, the court is able to observe the immediate effects of the person's conduct on the proceedings.

We acknowledge that, at the time that the Oregon legislature first included the "immediate view and presence" requirement in the contempt statutes, it likely did not contemplate telephonic hearings. As the state points out, the phrase has been a part of the statutes since at least 1890. *See State v. Kaiser*, 20 Or 50, 55, 23 P 964 (1890) (quoting that phrase from statute). Nevertheless, given the statutory purpose identified in *Driscoll*—authorizing the imposition of summary contempt sanctions for contemptuous conduct occurring in the court's presence while the court is in session—we are persuaded that the statute embraces contemptuous conduct by telephone that occurs during a court proceeding while court is in session, at least where the disruptive effects are apparent in the courtroom.

Defendant next argues that the trial court erred in concluding that his disruptive conduct was willful, so as to permit the imposition of contempt sanctions. *See* ORS 33.015(2) (specifying that conduct must be "done willfully" to constitute contempt). In particular, defendant argues that the trial court had no basis on which to conclude that defendant had heard the court's orders to stop interrupting. However, the record indicates that defendant responded directly to statements by the court, including the court's warning that it would hold defendant in contempt if he did not stop interrupting. Under those circumstances, the trial court could permissibly conclude that defendant was aware that he should stop interrupting and, therefore, that his conduct was willful.

Finally, defendant argues that the court should have taken into account as "mitigating circumstances" the fact that the "1995 [] Speaker-phone audio technology" through which he was communicating impaired his ability to understand the trial court. Although we appreciate the difficulties that defendant may have encountered in appearing through a poor-functioning telephone, we reject the proposition that that means the trial court erred in finding defendant in contempt. As noted, the record permits the conclusion reached by the trial court: that defendant willfully kept interrupting the court after the court told him to stop and warned him of the risk of being held in contempt.

Affirmed.