OPINION
JOHNSON, Associate Justice.
Petitioner appeals the trial court’s order dismissing his petition for judicial review of an adverse employment decision under Tribal Code Section 255.5(d). The trial court concluded that it lacked subject matter jurisdiction. We agree and affirm.
Petitioner was employed as the Tribe’s Human Resources Manager. Petitioner provided a copy of a letter from the Tribe’s General Manager, Cliff Adams, stating that his employment was terminated effective October 4, 2002. Although his petition refers to the letter as a “Final Employment Decision,” he agrees that he did not seek available grievance procedures before filing the petition.
Tribal Code Section § 255.5(b)(6) provides in part:
“Final Employment Decision” means a final determination relating to the terms and conditions of employment * * * made by a Decisionmaker. No action shall be deemed a Final Employment Decision subject to judicial review until and unless the affected Employee has exhausted available review procedures, including but not limited to any grievance procedure, for resolving a dispute relating to the terms and conditions of employment. * * *
Under the ordinance, an employment decision that has not been submitted to an available grievance procedure is not a Final Employment Decision arid is not subject to judicial review. See Tribal Code § 255.5(d).
Petitioner makes two arguments urging that we treat Adams’ October 4 letter as a Final Employment Decision. First, he submits that the Tribal Council, rather than Adams, terminated his employment and that the Tribal Council is not a Decision-maker that can render a Final Employment Decision under the ordinance. See Tribal Code § 255.5(b)(2). Petitioner’s argument is not preserved for review; below, he argued that Adams was the Decision-maker. If the Tribal Council is not a Deci-sionmaker as defined in the ordinance, that raises an issue of whether its decision may be reviewed by a court at all. The trial court had no opportunity to address that issue, and we decline to do so here.
Second, petitioner argues that we should review Adams’ decision, despite its lack of finality, because it would have been futile for him to pursue the grievance process. Our discretion to create an exception to the jurisdictional requirement of finality is sharply limited. Federal courts have determined that there can be no futility exception where a statute requires administrative exhaustion. See, e.g., Information Resources, Inc., v. United States, 950 F.2d 1122, 1126 (5th Cir.1992). At the same time, the courts have found an exception to the exhaustion requirement where the administrative remedies are inadequate. See id.
We need not decide today at what point a “futile” administrative remedy becomes “inadequate,” because petitioner has not in any event demonstrated the “extraordinary circumstances” that might justify an exception to the statute. See id. at 1126-27. Petitioner suggests that an Internal Review Board appointed to review his grievance might not be impartial. He submits no evidence to support that contention and the basis for it is not readily apparent.
Reduced to its essence, petitioner’s position is that he would not prevail in the grievance procedure and that, if he did, the Tribe would simply seek judicial review *132 and the matter would be before the court for review anyway. Petitioner mispereeives the reasons for administrative exhaustion as well as the nature of judicial review. Without completing the administrative process, there simply is no Final Employment Decision and thus no subject-matter jurisdiction for review by the Tribal Court.
AFFIRMED.
WE CONCUR: ROBERT J. MILLER, Chief Justice, DAVID B. THOMPSON, Associate Justice.