Submitted on record and briefs August 1, 2003, reversed and remanded
February 25, 2004

# EMPIRE WHOLESALE LUMBER CO.,
## an Ohio corporation,
### *Appellant,*

*v.*

# Benjamin R. MEYERS,
### *Respondent.*

## 16-00-17212; A119094

85 P3d 339

R. Scott Palmer, Derek D. Simmons, and Watkinson Laird Rubenstein Lashway & Baldwin, P. C., filed the briefs for appellant.

Benjamin R. Meyers filed the brief *pro se*.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

222-b

## LANDAU, P. J.

Plaintiff obtained a judgment against defendant and then attempted to collect on it. It obtained an order compelling defendant to appear for a judgment debtor's examination and to produce certain documents. Defendant appeared but refused to answer any questions or to produce any documents; he asserted a Fifth Amendment constitutional privilege against self-incrimination. The trial court ruled that defendant did not have to answer any questions or produce any documents. The trial court then ordered that the record of proceedings be sealed. Plaintiff appeals, arguing that the privilege against self-incrimination does not apply, that the trial court should have permitted the examination to proceed, and that the record of proceedings should not have been sealed. We reverse and remand.

The relevant facts are uncontested. Defendant sold lumber for plaintiff's company. When plaintiff discovered that defendant had been retaining the proceeds of some of the lumber sales, plaintiff initiated an action for, among other things, breach of contract, fraud, and conversion. Several days before trial, defendant filed for personal bankruptcy protection. As the result of an automatic stay, defendant was dismissed from plaintiff's action without prejudice. Defendant then voluntarily dismissed his bankruptcy petition.

Plaintiff then filed a second action against defendant. Defendant filed a second bankruptcy petition. Plaintiff responded by filing an adversary proceeding alleging that the claim against defendant was nondischargeable. The pending action against defendant was consolidated with the bankruptcy proceeding.

The bankruptcy court ruled in favor of plaintiff on the underlying claim, found that defendant had acted with the intent to defraud, and concluded that the judgment against him was nondischargeable. Plaintiff docketed a $253,258 judgment in the Lane County Circuit Court.

Plaintiff sent letters to the United States Attorney describing the litigation and requesting that defendant be prosecuted for fraud. The United States Attorney declined.

Plaintiff also contacted the Internal Revenue Service (IRS) and complained that defendant had engaged in tax evasion, but the IRS did not respond.

Plaintiff obtained an order compelling defendant to appear for a judgment debtor examination and to produce certain documents. Defendant appeared, but refused to answer questions or to produce any documents. Defendant invoked his constitutional privilege against self-incrimination, guaranteed by the Fifth Amendment to the United States Constitution. Plaintiff objected. The trial court found defendant in contempt and sentenced him to serve ten days in jail.

Defendant was required to appear in court a second time. Upon doing so, he again stated his intention to rely on his constitutional privilege against self-incrimination. This time, the trial court ordered plaintiff to prepare a list of questions and ordered the matter continued. Plaintiff submitted an extensive list of questions concerning defendant's financial affairs. Among other things, the questions asked whether defendant had filed federal and state personal income tax returns for the previous six years and asked for documentation of any income that he had received from any source during the same time period.

At a third hearing, defendant again appeared and invoked his Fifth Amendment privilege as to all questions and all documents. He contended that his answers to plaintiff's questions could lead to prosecution by the United States Attorney or the IRS. At first, the trial court proceeded to examine the application of the privilege on a question-by-question basis. The court permitted plaintiff to ask a question, asked whether defendant asserted the privilege as to that question, and then ruled on the assertion of the privilege. The court later stopped, however, and, after a colloquy with defendant, it concluded that defendant did not have to answer any questions or produce any documents. Following that, defendant moved for an order sealing the record of proceedings. The trial court granted the motion.

■ On appeal, plaintiff first argues that the court erred in permitting defendant to invoke his constitutional privilege against self-incrimination to avoid answering any questions

and producing any documents. According to plaintiff, defendant's concern about the possible incriminating consequences of his answers or his production of documents is not reasonable as a matter of law because neither the United States Attorney nor the IRS has commenced criminal proceedings against him. In the alternative, plaintiff argues that, even if defendant's concerns are not unreasonable, the trial court still erred in failing to rule on defendant's assertion of the privilege on a question-by-question, document-by-document basis.

At the outset, we note that defendant's assertion of a privilege against self-incrimination rests solely on the federal constitution.[1] The Fifth Amendment to the United States Constitution provides, in part, that "[n]o person * * * shall be compelled in any criminal case to be a witness against himself." The United States Supreme Court has held that the privilege to be free from state-compelled self-incrimination may be asserted in "any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; [to] protect[ ] against any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 US 441, 444-45, 92 S Ct 1653, 32 L Ed 2d 212 (1972). It protects not only statements that could be directly incriminating, but also protects testimony that "would furnish a link in the chain of evidence needed to prosecute the * * * crime." *Hoffman v. United States*, 341 US 479, 486, 71 S Ct 814, 95 L Ed 1118 (1951). The standard for determining

---

[1] It could be argued that, notwithstanding defendant's reliance on the federal constitution alone, under the "first-things-first" doctrine, we should examine whether Article I, section 12, of the Oregon Constitution applies. *See, e.g., Sterling v. Cupp*, 290 Or 611, 614, 625 P2d 123 (1981) ("The proper sequence is to analyze the state's law, including its constitutional law, before reaching a federal constitutional claim. This is required, not for the sake either of parochialism or of style, but because the state does not deny any right claimed under the federal Constitution when the claim before the court in fact is fully met by state law."). However, Oregon appellate decisions do not appear to apply that doctrine when a state constitutional argument has not been asserted at the trial court. *See, e.g., State v. Dahl*, 185 Or App 149, 156 n 6, 57 P3d 965(2002), *rev allowed*, 335 Or 422 (2003) (addressing only Fifth Amendment self-incrimination argument because argument under Article I, section 12, of Oregon Constitution was not preserved); *see also Page v. Palmateer*, 336 Or 379, 387 n 2, 84 P3d 133 (2004) (rendering decision exclusively under federal constitution because the petitioner did not raise issue under Oregon Constitution).

whether the privilege applies is "whether the claimant is confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination." *Marchetti v. United States*, 390 US 39, 53, 88 S Ct 697, 19 L Ed 2d 889 (1968). The determination of the availability of the privilege is committed to the discretion of the trial court. *Rogers v. United States*, 340 US 367, 374, 71 S Ct 438, 95 L Ed 344 (1951); *U. S. v. Boothe*, 335 F3d 522, 525 (6th Cir 2003).

 The privilege may apply to the production of documents, as well. *Bellis v. United States*, 417 US 85, 87, 94 S Ct 2179, 40 L Ed 2d 678 (1974). The privilege is strictly personal, however; the documents for which protection is sought "must be the private property of the person claiming the privilege, or at least in his possession in a purely personal capacity." *Id*. at 90 (internal quotation marks omitted). In addition, producing documents in response to a subpoena may amount to compelled testimony where the very act of production implicitly communicates statements of fact such as the fact of the documents' existence, the fact that they are in possession of the witness, or the fact of their authenticity. *United States v. Hubbell*, 530 US 27, 36, 120 S Ct 2037, 147 L Ed 2d 24 (2000). Production of documents, "in order to be testimonial, * * * must itself, explicitly or implicitly, relate a factual assertion or disclose information." *Doe v. United States*, 487 US 201, 210, 104 S Ct 1237, 79 L Ed 2d 552 (1988).

 In both cases, the privilege cannot be invoked in blanket fashion; it must be invoked, and ruled upon, on a question-by-question, document-by-document basis. *U. S. v. Bodwell*, 66 F3d 1000, 1001-02 (9th Cir 1995).

 In this case, defendant asserted the privilege on the ground that answering plaintiff's questions and producing the requested documents would subject him to possible prosecution by the federal authorities. Plaintiff responds that, because there was no prosecution pending against defendant and both the United States Attorney and the IRS were apparently uninterested in pursuing defendant, his fear of self-incrimination was not reasonable. We disagree. A person's assertion of the Fifth Amendment privilege does not depend on the court's assessment of the likelihood of prosecution. *United States v. Miranti*, 253 F2d 135, 139 (2d Cir 1958). Nor

does it depend on whether a criminal prosecution is pending. *United States v. Rendahl*, 746 F2d 553, 556 (9th Cir 1984). "Once the court determines that the answers requested would tend to incriminate the witness, it should not attempt to speculate whether the witness will in fact be prosecuted." *United States v. Jones*, 703 F2d 473, 478 (10th Cir 1983); *accord Miranti*, 253 F2d at 138-39. The appropriate inquiry is whether the testimony in question would provide evidence of a particular crime. *United States v. Edgerton*, 734 F2d 913, 921 (2d Cir 1984).

The questions and documents at issue in this case are extensive and concern the details of defendant's history of tax reporting and of his financial affairs. Given the character of at least some of the questions and documents at issue, as well as the fact that plaintiff has actively attempted to prompt the United States Attorney and the IRS to commence prosecution against defendant for fraud and tax evasion, we cannot say that defendant's concerns are "merely trifling or imaginary." *Marchetti*, 390 US at 53.

That is not to say, however, that defendant is entitled to invoke the privilege in a blanket manner as to all questions and all of the documents requested. As we have noted, defendant must invoke the privilege on a question-by-question and document-by-document basis, and the trial court must rule in the same fashion. *Bodwell*, 66 F3d at 1001-02. In this case, the trial court, at least initially, proceeded in accordance with that procedure. But it then concluded that it was not necessary to continue with that procedure and ruled as a matter of law that all questions and requested documents were subject to the privilege. The trial court erred in doing that.

Plaintiff next argues that the trial court lacked authority to seal the record of proceedings in this case. Plaintiff concedes that it did not raise that issue to the trial court but insists that it nevertheless is reviewable as plain error.

To constitute error apparent on the face of the record, which we may review notwithstanding a lack of preservation, the claimed error must be (1) one of law, (2) apparent, meaning that it is "obvious, not reasonably in dispute," and (3) evident "on the face of the record," meaning that the reviewing

court need not look beyond the record or choose from competing inferences to find the error. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).

We conclude that the issue, although one of law, is not obvious. It involves the interplay among Article I, section 10, of the Oregon Constitution ("[n]o court shall be secret"), ORCP 36 C (authorizing courts in specified circumstances to seal discovery records), ORS 135.873 (authorizing courts for good cause to seal records in criminal proceedings), and the inherent authority of the court, and the answer is not free from dispute. Because plaintiff failed to raise the issue to the trial court, we will not address it for the first time on appeal.

Reversed and remanded.