OPINION
MILLER, Chief Justice.
Appellants Candi Henry and Kathleen Tom appeal trial court orders denying their motion to recuse the trial judge and dismissing their complaint without leave to amend. We exercise jurisdiction pursuant to Tribal Code § 310(h)(2) and affirm.
I. FACTS
Candi Henry and Kathleen Tom were involuntarily terminated by their supervi *71 sors from tribal employment on December 14, 2001, and March 29, 2002, respectively. Supplemental Excerpts of Record (“SER”) 13 & 14. Neither appellant utilized the employment grievance process provided by the tribal employee handbook. SER 12. Instead, appellants filed this suit, and on April 4 and 14, 2003, the trial court issued orders that denied appellants’ motion to recuse the trial judge and dismissed their complaint without allowing leave to amend. ER 84 & 90.
II. DISCUSSION

A.Motion, to Recuse

Appellants argue that Judge English should have recused herself because, during the pendency of their case in the trial court, Judge English was negotiating with the Tribal Council a two-year contract to renew her judicial employment and was seeking a raise in her compensation.[1]
The tribal code requires a judge to recuse herself if she has “any direct interest” in a case before her or if any of the parties are the judge’s close relatives. Tribal Code § 310(e)(5)(A). We reject appellants’ argument that Judge English’s pending judicial contract before the Tribal Council, which included a request for a raise, somehow created a “direct interest” for her in this particular case. Judge English’s continued employment as a judge with the Tribe and an increase in compensation bore no relationship to appellants’ case and did not create a direct financial interest in the case for the trial judge so as to require her recusal.
We also reject any implication that the judge’s pending contract renewal or the employment relationship of any Grand Ronde judge with the Tribal Council can be read to impugn the integrity and fairness of the Grand Ronde Tribal Court. If the mere existence of a contractual relationship between a judge and the Council were sufficient to establish bias, all Grand Ronde judges would be disqualified from sitting on any Grand Ronde court case that involved the tribe or tribal officials, because all of the tribal judges are under contract with the Council and have set terms of office. All Grand Ronde judges are at various times involved in the contract renewal and negotiation process with the Council.
B. Constitutional Violation
Appellants argue that the Tribal Council terminated their employment in violation of the constitutional requirement that actions taken by the Council, especially relating to particular individuals, must be embodied in Council resolutions. G.R. Const, art. Ill, § 3(h).
The simple answer to this argument is that appellants are mistaken about who terminated their employment. Appellants were fired by their supervisors and not by the Tribal Council. There is no constitutional requirement that the Council enact a resolution regarding these terminations.
C. Failure to Exhaust Administrative Remedies
The Tribe provides employees with an administrative process in w'hich to file grievances regarding employment issues, including terminations. SER 16 (Tribal Employee Handbook, July 2001); *72 Synowski v. Confederated Tribes of Grand Ronde. No. A-01-10-001, 4 Am. Tribal Law 122, 123-24, 2003 WL 25756097, at *1 (Grand Ronde 2003).[2] The Tribe has also waived its sovereign immunity to a limited degree in the employment arena and allows employees to seek judicial review after they have exhausted their administrative remedies through the grievance process. Tribal Code § 255.5(c); Synawski, at 123 n. 2, 2003 WL 25756097, *1 n. 2.
Appellants, however, did not comply with the grievance procedures. In fact, they never filed a grievance. As the trial court correctly held, appellants have not exhausted them administrative remedies. Without the exhaustion of administrative remedies, the Tribal Court does not have subject matter jurisdiction to hear appellants’ claims regarding the terms and conditions of their employment. Tribal Code § 255.5(c)(6) & (d); Grinnell v. Confederated Tribes of the Grand Ronde, No. A-03-04-001, 4 Am. Tribal Law 130, 131, 2003 WL 25756416, at *1 (Grand Ronde 2003).[3] The trial court properly dismissed the complaint.
D. Leave to Amend the Complaint
Appellants further allege that the trial court erred in not allowing them to amend their complaint to correct any defects. There is, of course, a very liberal policy in favor of allowing amended plead-tags. FRCP 15(a). In this instance, however, the trial court correctly denied appellants’ motion to amend. There was nothing appellants could have done to correct their failure to exhaust the administrative remedies that were available to them in 2001 and 2002. Since, as discussed above, Tribal Court subject matter jurisdiction depends on the exhaustion of administrative remedies, and amendment of appellants’ complaint could not have corrected their failure to exhaust, the trial court did not err in denying them leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995) (stating that there is no reason to allow an amended complaint when the defect “could not possibly be cured by the allegation of other facts”); Cook, Perkiss & Liehe v. Northern Cal. Collection Service, 911 F.2d 242, 247 (9th Cir.1990) (same).[4]
III. CONCLUSION
The trial court correctly denied appellants’ motion to recuse the trial judge and correctly dismissed their complaint without leave to amend.
AFFIRMED.
WE CONCUR: MARK JOHNSON, Associate Justice, DAVID B. THOMPSON, Associate Justice.

. The parties disagree about our standard of review for trial court decisions on motions to recuse the trial judge. We decide today that our standard of review is de novo. See, e.g., Tribal Code § 310(h)(2); Grove Fresh Distributors, Inc. v. John Labatt, Ltd., 299 F.3d 635, 639 (7th Cir.2002) (applying a de novo standard of review for denials of motions to re-cuse); Stevenson v. State, 782 A.2d 249, 255 & n. 2 (Del.2001) (applying a mixed abuse of discretion and de novo review of decisions on motions to recuse).

. chttp:// www.grandronde.org/court/ PublishedOpinions/SynowskiAppeai.PDF>.

. chttp:// www.grandronde.org/court/ PublishedOpinions/appeals.html >.

. Because in this case the trial court plainly denied leave to amend on the ground of futility, we review its ruling de novo, although generally we review the trial court’s denial of leave to amend for abuse of discretion. See, e.g., Miller v. Champion Enterprises, Inc., 346 F.3d 660, 671 (6th Cir.2003) (“a district court's denial of leave to amend on the ground of futility is reviewed de novo, although generally we review a district court's denial of leave to amend for abuse of discretion, except in cases where the district court bases its decision on the legal conclusion that an amended complaint could not withstand a motion to dismiss" (citation omitted)). Cf. Keams v. Tempe Technical Inst., 110 F.3d 44, 46 (9th Cir.1997) (a trial court's denial of a request to amend a complaint is reviewed for an abuse of discretion); Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir.1996) (same).