OPINION
THOMPSON, Associate Justice.
Petitioner-Appellant Lynn Robertson appeals pro se from the trial court’s affir-mance of a Final Employment Decision by the Internal Review Board (IRB) [1] that upheld the Tribe’s termination of Robertson’s employment as a firefighter. On appeal, Robertson has filed a one-page brief, in which he presents a single legal challenge to his termination: “I did not receive due process at any portion of my termination.” In support of that claim, Robertson asserts: “My termination was set up *74 and brought about by outside influences of tampering, coercion, intimidation by vice-council chair Reyn Leño and his manipulation of my IRB panel to be stacked against me by acting Human Resource Manager Connie Holmes with the placement of friends and family of Reyn Leno on my IRB panel, taking my right to a fair and impartial IRB hearing away from me.” Robertson offers no other argument, although he makes clear he is prepared to show, purportedly in a future lawsuit against the Tribe in federal court, that his termination was the result of corrupt practices by the Tribal Council concerning his case. As explained below, we do not consider Robertson’s due process argument, because it has not been preserved for appeal.
In its order affirming the Final Employment Decision, the trial court identified two arguments presented by Robertson: “(1) that the Tribe’s decision was arbitrary and capricious because, in snagging extra equipment to bring back to the Tiibe after a fire, he simply did what he and others had done in the past and he, thus, was unfairly singled out and blamed, and (2) that the Internal Review Board’s (IRB’s) decision was not supported by substantial evidence because it allegedly overlooked the evidence he presented to support that claim.” Robertson v. Confederated Tribes of Grand Ronde, — Am. Tribal Law-, ——, 2003 WL 25758502, *1 (Grand Ronde Tr. Ct.2003).[2] The trial court noted that although Robertson challenged the impartiality of the IRB members in his petition for review of the IRB’s ruling, he appeared to have abandoned that claim. Id. at 1 n. 1, at-n. 1. In this Court, Robertson does not dispute that conclusion, which is supported by the record.
Thus, we must view Robertson’s due process claim (ie., the alleged partiality of the IRB) against that backdrop. As the Tribe correctly notes, appellate courts generally do not consider issues raised for the first time on appeal. See, e.g., United States v. Alisal Water Corp., 370 F.3d 915, 923 (9th Cir.2004) (as a general rule, appellate courts will not consider arguments raised for the first time on appeal); Empire Wholesale Lumber Co. v. Meyers, 192 Or.App. 221, 85 P.3d 339, 342 (2004) (“Because plaintiff failed to raise the issue to the trial court, we will not address it for the first time on appeal.”); cf. Ballini v. Confederated Tribes of Grand Ronde, - Am. Tribal Law-, at-n. 17, 2003 WL 25756368, *10 n. 17 (Grand Ronde 2003) (declining to consider an issue not decided by the trial court and that involved unresolved factual questions).[3] This Court follows that principle and will not consider an issue presented for the first time on appeal except in extraordinary circumstances, such as where review is necessary to avoid manifest injustice or to correct plain error. See, e.g., United States v. Pimentel-Flores, 339 F.3d 959, 967 (9th Cir.2003) ( “[WJhere a party fails to raise an objection below, an appellate court may entertain such an objection when plain error has occurred and an injustice might otherwise result.” (internal quotation marks omitted)). The same is true where an appellant has abandoned an argument in the trial court. See Harik v. California Teachers Association, 326 F.3d 1042, 1052 (9th Cir.2003) (“The defendants abandoned their numerosity challenge in the district court, and we do not ordinarily consider on appeal issues not raised below.”), cert. denied, 540 U.S. 965, 124 S.Ct. 429, 157 L.Ed.2d 309 (2003).
*75 Although we, like most appellate courts, liberally construe pro se briefs, Robertson’s pro se status does not relieve him of his obligation to present an argument to the trial court before asking us to consider it on appeal. See Smathers v. Smathers, 448 Pa.Super. 162, 670 A.2d 1159, 1160 (1996) (“We are mindful of the fact that appellant is proceeding pro se in this appeal. Nevertheless, this pro se representation does not relieve appellant of her duty to properly raise and develop her appealable claims.”). Because Robertson abandoned his due process argument in the trial court, that argument was not preserved for appeal. Accordingly, we do not consider it.
Affirmed.
WE CONCUR: ROBERT J. MILLER, Chief Justice, MARK JOHNSON, Associate Justice.

. We previously have noted that the Tribe's Human Resource Guidebook calls the review board an “Independent Review Board,” rather than an “Internal Review Board.” Synow-ski v. Confederated Tribes of Grand Ronde, No. A-01-10-001, at I n. 1, 4 Am. Tribal Law 122, at 123 n. 1, 2003 WL 25756097 (Grand Ronde C.A.2003), http:// gran-dronde.org/org/courl/Published/Opinions/Sy-nowskiAppeal.PDF. The trial court and the parties, however, use the latter title in referring to the board, and thus we assume that “Internal Review Board” is the accepted name for the board.

. http:Avww.grandronde.org/court/Published Opinions/robertson_ opinion.pdf

. http:// www.grandronde.org/court/Published Opmions/appeals/ballini_katie_ aO 108020.pdf