OPINION
JOHNSON, Associate Justice.
In this juvenile dependency case, mother appeals a permanent plan order. See Tribal Code § 714(d). We exercise jurisdiction under Tribal Code Section 310(h)(2) and affirm.
Mother makes two arguments on appeal. The first, that the trial court erred by changing the permanent plan from long term foster care to permanent foster care, was not preserved by any objection before the trial court. Under ordinary circumstances, we will not review issues on appeal that were not presented to the trial court for decision in the first place. See Robertson v. Grand Ronde, 5 Am. Tribal Law 73, 75 (Grand Ronde 2004);[1] Grinnell v. Grand Ronde, 4 Am. Tribal Law 130, 131 (Grand Ronde 2003).[2] We decline to do so here.
Second, mother challenges the trial court’s selection of the children’s paternal aunt as the placement resource, rather than their maternal grandfather. The maternal grandfather reported to the Indian Child Welfare Program in January 2006 that he could no longer care for the children, precipitating a change in the children’s placement to the paternal aunt’s home. No evidence at trial suggested that the grandfather’s inability to care for the children had changed. The court did not err.
AFFIRMED.
WE CONCUR: ROBERT J. MILLER, Chief Justice, DON COSTELLO, Associate Justice.

. http://weblink.grandronde.org/Electronic File.aspx?docid=9642

. http://weblink.grandronde.org''Electronic File.aspx?docid=9640