Argued and submitted December 17, 2009, affirmed December 8, 2010

Laura Rose COX,
*Petitioner-Respondent,*

*v.*

M. A. L.,
*Respondent-Appellant.*

Lane County Circuit Court
180711632; A140030

244 P3d 828

C. Michael Arnold argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Respondent appeals an order denying his motion to seal the court file and other records stemming from a civil stalking proceeding against him, contending that the trial court had the inherent authority to seal the records after it had denied petitioner's request to enter a permanent stalking protective order (SPO) against respondent. Respondent further argues that the court abused its discretion in denying his motion, because removing the potential stigma associated with respondent's involvement in a civil stalking proceeding decidedly outweighs the public's interest in judicial transparency and access to court records. Because our resolution of respondent's inherent authority argument is dispositive, we do not reach the latter argument. We conclude that respondent has failed to establish that the trial court had authority to grant respondent's motion, and we accordingly affirm the trial court's order.

The relevant facts are undisputed. A temporary SPO was entered against respondent. At the hearing on whether to enter a permanent SPO, respondent argued, in part, that the mother of his son, who had sought the SPO, had made false allegations against respondent to gain an advantage in a pending custody proceeding concerning their child. The court dismissed the SPO with prejudice, concluding that the facts did not support its issuance and, more importantly for respondent's argument on appeal, that petitioner had initiated the SPO proceeding against respondent for an improper purpose. After the dismissal, respondent made an unopposed motion to seal the court file and other records relating to the SPO. The court denied the motion.

■ On appeal, respondent acknowledges that there is no express authority for a court to seal court records in an adjudicated case such as his, but he nevertheless contends that the court had inherent authority to do so. In support of that contention, respondent relies on the following premises: (1) the legislature has not expressly prohibited courts from sealing records in civil stalking proceedings brought for an improper purpose and (2) allowing courts to seal records in cases involving false accusations is necessary to enable

courts to perform two of their judicial functions, *viz.*, maintaining records and fairly deciding cases. For the following reasons, we disagree with respondent's undeveloped premise that court authority to seal records in adjudicated cases is necessary to enable courts to perform their judicial functions and, hence, his inherent authority contention.

■■ Courts have inherent power to do certain things that are necessary for them to be able to do in order to perform their judicial functions, when the legislature has not otherwise given them authority to do those things. *Ortwein v. Schwab*, 262 Or 375, 385, 498 P2d 757 (1972), *aff'd*, 410 US 656, 93 S Ct 1172, 35 L Ed 2d 572 (1973). An example of such a power is the power to punish people for contempt for conduct that interferes with a court's ability to conduct judicial proceedings. *See, e.g., Pearson and Pearson*, 136 Or App 20, 25, 900 P2d 533 (1995) ("The power to punish individuals for direct contempt in a summary proceeding is within the inherent authority of the court, and is necessary to preserve order and dignity in the judicial process."). However, by its nature, inherent power is a limited source of judicial power. *See Ortwein*, 262 Or at 385.

As respondent notes, the legislature has not expressly given courts authority to seal records in adjudicated cases involving claims pursued for improper purposes or based on false accusations; therefore, the crucial question is whether court authority to seal records in such cases is necessary to enable courts to perform their judicial functions. Respondent does not describe or ultimately state a principled reason why such a power to seal court records is necessary to enable courts to perform their judicial functions, and we will not do so in his stead. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself.").[1]

---

[1] Respondent relies on our decision in *Empire Wholesale Lumber Co. v. Meyers*, 192 Or App 221, 85 P3d 339 (2004), to support his contention that we have recognized that courts have the inherent authority to seal records. Specifically, respondent points to our statement that the court's authority to seal the records at issue in that case

■■    The legislature has authority to enact laws affecting the manner in which courts operate. *See, e.g., State ex rel Emerald PUD v. Joseph*, 292 Or 357, 361, 640 P2d 1011 (1982) (stating principle that legislation affecting judicial power will be upheld if it does not unduly interfere with or burden the judiciary in the exercise of its judicial functions). In contrast to inherent judicial power, the legislature's authority to enact such laws does not depend on establishing that the laws are necessary to enable courts to perform their judicial functions. Several statutes enacted by the legislature require courts to maintain records. *See, e.g.,* ORS 7.110(1) ("The records and files of the court shall be maintained by the clerk or court administrator of the respective trial or appellate court * * *."). The legislature also has specified instances in which courts have authority to seal court records. *See, e.g.,* ORS 137.225(3) (instructing courts to seal the record of conviction and other official records in a criminal case if the court concludes that such action is appropriate). Further, the legislature has given courts authority to impose monetary sanctions against parties who make certain false certifications to the court. ORCP 17 D. Those provisions give courts important means to adjudicate cases and to protect the integrity of the judicial process. Nonetheless and significantly, the legislature has not given courts authority to seal records in adjudicated civil stalking order cases to achieve the policies that respondent seeks to achieve by sealing the records in this case.

As stated above, respondent has not explained why court authority to seal the court file and other records in a civil stalking order case after it has been adjudicated is necessary to enable courts to perform their judicial functions, and, hence, he has not given us any basis to conclude that courts have inherent power to do so. We therefore affirm the

---

"involve[d] the interplay among Article I, section 10, of the Oregon Constitution ('[n]o court shall be secret'), ORCP 36 C (authorizing courts in specified circumstances to seal discovery records), ORS 135.873 (authorizing courts for good cause to seal records in criminal proceedings), and the inherent authority of the court * * *."

*Id.* at 228 (second alteration in original). However, that statement simply explained why we could not treat an unpreserved challenge to the trial court's order sealing records as plain error on appeal. It establishes nothing about a court's inherent authority to seal court records.

trial court's order denying respondent's motion to seal the court file and records in this case.

Affirmed.