## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ADAM V. BUCHALSKI,
*Defendant-Appellant.*

Washington County Circuit Court
C112214CR; A152126

331 P3d 1049

Daniel C. Bennett, Deputy Public Defender, argued the cause for appellant. With him on the opening brief was Peter Gartlan, Chief Defender, Office of Public Defense Services. Adam V. Buchalski filed the supplemental brief *pro se.*

Matthew J. Lysne, Senior Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor

General, and Susan G. Howe, Senior Assistant Attorney General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Defendant appeals a judgment of conviction for three counts of felony violation of a stalking protective order, ORS 163.750. We reject defendant's assignments of error related to nonunanimous juries and write to address an assignment of error concerning merger of two guilty verdicts, which the state concedes, and two assignments of error concerning defendant's sole witness, who invoked his right to remain silent under the Fifth Amendment to the United States Constitution. We accept the state's concession but otherwise affirm, because any error concerning the witness was harmless.

The victim obtained a stalking protective order (SPO) against defendant. Thereafter, someone served the victim at home with a civil complaint alleging that the victim had defamed defendant. Another copy of it was then delivered to the victim's workplace. After learning that defendant was involved in that delivery, the victim called the police.

Defendant was charged with violating the SPO in four counts. The jury decided three counts alleging that defendant recklessly violated the SPO by delivering an object to the victim's home directly or through a third person, waiting outside the victim's workplace, and delivering an object to the victim's workplace directly or through a third person. The SPO did not specify in feet the distance defendant had to maintain from the victim. Defendant's theory of the case at trial was that he was attempting to serve the victim with a civil lawsuit and, thus, was not in violation of the SPO. *See* ORS 163.730(3)(L) (excluding service of process from prohibited contact when "the other person is served as provided in ORCP 7 or 9" regarding service of a summons and complaint).

To establish that defense, defendant attempted to call a witness, Cake, who apparently drafted the complaint and was to serve it on the victim. Cake was not a lawyer. When Cake was called to testify, the court told Cake that he could be exposing himself to a charge of unlawful practice of law. *See* ORS 9.990(1) (providing that a person practicing law

without a license in violation of ORS 9.160 is subject to a fine and a six-month jail term). Among other things, the court also told Cake that he could testify, talk to an attorney first, or exercise his right not to testify. Cake chose to assert his Fifth Amendment rights. The court then concluded that any relevant testimony from Cake would be self-incriminating and, therefore, allowed Cake not to testify at all.

The state's evidence came primarily from Officer DeFrain of the Beaverton Police Department. She testified that defendant told the police that he thought the SPO only barred him from coming within 100 feet of the victim and that he had not come closer than that. She also testified that defendant had admitted that he was involved in the delivery of both copies of the complaint by driving the person who would serve the complaint, but had said that he thought he had a legal right to deliver the complaint to the victim. Washington County Circuit Court employee Van Loo testified that defendant had not served a summons and filed the complaint in a court and pursued an action against the victim in accordance with ORCP 7 and 9. The jury convicted defendant on all three counts.

As noted, the state concedes that the verdicts on Counts 3 and 4 should have merged in the judgment because they concerned the same criminal episode. We accept that concession. *See State v. Mason*, 241 Or App 714, 718 n 4, 250 P3d 976 (2011) (clarifying that the phrase "merged for sentencing purposes" is a "misnomer").

We turn to defendant's contentions that the trial court erred (1) by permitting Cake to invoke his right to remain silent without being subject to questioning, *see Empire Wholesale Lumber Co. v. Meyers*, 192 Or App 221, 226, 85 P3d 339 (2004) (stating that the right "cannot be invoked in blanket fashion; it must be invoked, and ruled upon, on a question-by-question, document-by-document basis"), and (2) by warning Cake about potential criminal activity in a way that improperly interfered with a witness. We conclude that any error was harmless. *See* OEC 103(1) ("Evidential error is not presumed to be prejudicial."); *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). That is because defendant's proposed areas of inquiry (Cake's services and

creation of the complaint, defendant's distance from the victim's workplace and location of defendant's vehicle, and defendant's efforts to avoid violating the SPO) either related to Cake's potential unlawful practice of law or else would have been consistent with DeFrain's testimony that defendant said he had parked his vehicle at least 100 feet away from the victim's workplace and had not personally approached the victim with the complaints.

Reversed and remanded with instruction to merge guilty verdicts for felony violation of stalking protective order in Counts 3 and 4 into single conviction for felony violation of stalking protective order; remanded for resentencing; otherwise affirmed.