Submitted January 26, reversed and remanded March 16, 2022

HAMID MICHAEL HEJAZI,
*Plaintiff-Appellant,*

*v.*

Clifton HARROLD,
Lane County Sheriff,
*Defendant-Respondent.*

Lane County Circuit Court
20CV26630; A175843

506 P3d 1193

Bradley A. Cascagnette, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Reversed and remanded.

### PER CURIAM

In this habeas corpus action, plaintiff challenges the court's order denying his application for deferral or waiver of fees.[1] We reverse and remand.

On August 28, 2020, plaintiff filed a notice of appeal of the trial court's judgment denying his petition for a writ of habeas corpus. On March 31, 2021, plaintiff filed an application for deferral or waiver of the "ORCP 71 [Motion] Fee." *See* ORCP 71[2] (setting forth requirements for a party to seek relief from a court's judgment); ORS 21.682 (providing court with the authority to waive or defer fees). That same day, the court entered an order denying plaintiff's application, stating, "Judgment entered 8/21/2020. Notice of appeal filed 8/28/2020 and appellate counsel appointed 10/9/2020. Court is without jurisdiction and petitioner is represented by counsel." (Uppercase omitted.)

Here, we agree with plaintiff that the trial court erred in denying his request for deferral or waiver of fees on the basis that the court did not have jurisdiction to rule on defendant's application while the appeal was pending.[3] *See, e.g.*, ORS 19.270(1) (providing that appellate court has jurisdiction once notice of appeal has been served and filed). A trial court retains jurisdiction during the pendency of an appeal to decide motions for relief from judgment under ORCP 71 B. *See* ORCP 71 B(2) ("A motion under sections A or B may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court."); ORS 19.270(1)(e) ("The trial court *** retains jurisdiction in the matter" for the purpose of "[d]eciding a motion for relief from judgment under ORCP 71 B."). Further, the court's authority to rule on an ORCP 71 motion during the pendency of an appeal necessarily includes the inherent authority for the court to decide whether to defer

---

[1] Defendant did not file a brief on appeal.

[2] ORCP 71 has subsequently been amended. *See* Or Laws 2021, ch 97, § 2. We refer to the current version of the statute because those amendments do not affect our analysis.

[3] Although it is unclear, we understand the court's statement that "petitioner is represented by counsel" to be related to, and not a separate legal basis for, the court's determination that it was without jurisdiction.

or waive the mandatory filing fees under ORS 21.682. *See* ORS 21.200(1)(d)[4] (providing that "a \$111 fee must be paid by the party filing" a "motion for relief from judgment under ORCP 71"); ORS 21.200(4) ("The clerk *shall file* a motion or response that is subject to a fee under this section *only if* the fee required by this section is paid when the motion or response is submitted for filing." (Emphases added.)); *Cox v. M. A. L.*, 239 Or App 350, 353, 244 P3d 828 (2010) ("Courts have inherent power to do certain things that are necessary for them to be able to do in order to perform their judicial functions, when the legislature has not otherwise given them authority to do those things."); *see, e.g.*, *Pearson and Pearson*, 136 Or App 20, 25, 900 P2d 533 (1995) ("The power to punish individuals for direct contempt in a summary proceeding is within the inherent authority of the court, and is necessary to preserve order and dignity in the judicial process."). Therefore, the court erred in denying defendant's application for deferral or waiver of the ORCP 71 motion fee on the basis that it was without jurisdiction. Accordingly, we reverse and remand for the court to reconsider plaintiff's application.

Reversed and remanded.

---

[4] ORS 21.200 has subsequently been amended. *See* Or Laws 2021, ch 282, § 21. We refer to the current version of the statute because those amendments do not affect our analysis.